IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-100

 No. COA20-403

 Filed 6 April 2021

 Johnston County, No. 18 CRS 57237

 STATE OF NORTH CAROLINA

 v.

 EDWARD LYNN KNIGHT, Defendant.

 Appeal by Defendant from judgment entered 11 October 2019 by Judge Keith

 O. Gregory in Johnston County Superior Court. Heard in the Court of Appeals 24

 February 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Brenda
 Rivera, for the State.

 Appellate Defendant Glenn Gerding, by Assistant Appellate Defender James R.
 Grant, for the Defendant.

 JACKSON, Judge.

¶1 Edward Lynn Knight (“Defendant”) argues that the trial court erred in failing

 to sentence him in accordance with the terms of his plea agreement. We conclude

 that the trial court erred in determining that Defendant had breached the agreement,

 and therefore vacate its judgment and remand the case for resentencing.

 I. Facts and Procedural History

¶2 On 4 February 2019, Defendant was indicted by a grand jury in Johnston
 STATE V. KNIGHT

 2021-NCCOA-100

 Opinion of the Court

 County for assault by strangulation, second-degree kidnapping, and assault with a

 deadly weapon. The matter came on for hearing before the Honorable Thomas H.

 Lock in Johnston County Superior Court on 5 July 2019. The State offered Defendant

 one consolidated judgment in exchange for his plea of guilty to these three charges.

 Defendant asked if he could enter his guilty pleas on that date but postpone

 sentencing for a few months, so that he could make preparations before surrendering

 for an active prison term. The prosecutor agreed, without consulting with the victim

 of Defendant’s crimes. Defendant then pleaded guilty to all three offenses in

 exchange for the State agreeing to consolidate the three charges for judgment

 purposes and dismiss other related charges.

¶3 In accepting Defendant’s plea arrangement, Judge Lock informed Defendant

 that “[s]entencing will be continued until the September 3rd, 2019, session of this

 court. That is roughly two months. At that time, if you appear, the cases will be

 consolidated into one judgment for the purposes of sentencing.” The plea agreement

 also provided that “[s]entencing will be continued to September 3, 2019. If Defendant

 fails to report for sentencing, this arrangement will no longer be binding[,] and the

 court may sentence in its discretion.”

¶4 Consistent with the terms of the plea arrangement, Defendant appeared for

 sentencing on Tuesday, 3 September 2019. When the case was called on the calendar,

 the sentencing hearing was continued to Friday, 6 September 2019. Later that same
 STATE V. KNIGHT

 2021-NCCOA-100

 Opinion of the Court

 day, however, the prosecutor informed Defendant’s attorney that sentencing would

 instead take place the very next day, on Wednesday, 4 September 2019 at 10:30 a.m.

 Defendant’s attorney stated in open court that he had notified Defendant of the

 change.

¶5 The next day, Defendant did not appear at 10:30 a.m. The prosecutor

 continued the sentencing hearing, and the trial court issued a warrant for

 Defendant’s arrest. An hour and fifteen minutes later, at 11:45 a.m., Defendant

 appeared, indicating that he was under the impression that sentencing was scheduled

 for 11:30 a.m. Defendant was taken into custody.

¶6 On 11 October 2019, Defendant’s sentencing hearing was held before the

 Honorable Keith O. Gregory in Johnston County Superior Court. During the hearing,

 Defendant’s attorney attempted to explain Defendant’s late arrival to the 4

 September 2019 sentencing hearing—emphasizing that although Defendant had

 arrived late, his attorney was still at the court in front of the sentencing judge.

 Defendant’s attorney also emphasized that Defendant had timely appeared on 3

 September 2019 for sentencing, as required by the plea agreement. Defendant’s

 attorney explained that he had not sought to strike the warrant issued for

 Defendant’s failure to appear on 4 September because Defendant had come to court

 prepared to be taken into custody.

¶7 Judge Gregory, in response to Defendant’s attorney, indicated that he “[didn’t]
 STATE V. KNIGHT

 2021-NCCOA-100

 Opinion of the Court

 believe that it was forgotten. I believe that [Defendant] just didn’t come on time.

 That’s what I believe.”

¶8 The prosecutor argued that Defendant had violated the terms of the plea

 agreement by not appearing at the 4 September 2019 sentencing hearing on time and

 thus, the trial court was permitted to sentence Defendant in its discretion. The

 prosecutor told the court that he had promised the victim, “[w]ell [Defendant] didn’t

 show up, so the sentencing is going to be in the discretion of the court.”

¶9 The prosecutor then called the victim as a witness. She testified that she was

 upset by the two-month delay of Defendant’s sentencing, which the prosecutor had

 agreed to without her consent. Adding to her frustration, she had missed work to

 appear at Defendant’s scheduled hearing on 4 September and had left the courthouse

 by the time he appeared late. That same day, she talked with other family members

 who said Defendant had second thoughts about appearing in court.

¶ 10 After hearing from the victim, the State, and counsel for Defendant, the trial

 court found Defendant to be in breach of the plea agreement and indicated that the

 court would sentence Defendant in its discretion. The trial court then imposed

 consecutive sentences for each charge: ten to 21 months for assault by strangulation,

 33 to 52 months for second-degree kidnapping, and 33 to 52 months for assault with

 a deadly weapon. Defendant gave oral notice of appeal. Defendant subsequently filed

 a Petition for Writ of Certiorari with our Court requesting appellate review under
 STATE V. KNIGHT

 2021-NCCOA-100

 Opinion of the Court

 N.C. Gen. Stat. § 15A-1444(e) and N.C. Gen. Stat. § 7A-32(c), should the court

 conclude that his arguments are not within the scope of his direct appeal.

 II. Analysis

¶ 11 Defendant contends that the trial court erred in failing to sentence him in

 accordance with the plea agreement. We agree.

 A. Petition for Writ of Certiorari

¶ 12 As noted above, Defendant filed a Petition for Writ of Certiorari on 17 July

 2020 seeking review of the trial court’s judgment. The General Statutes provide that

 a defendant “is not entitled to appellate review as a matter of right when he has

 entered a plea of guilty.” N.C. Gen. Stat. § 15A-1444(e) (2019). However, there are

 some exceptions. Pursuant to N.C. Gen. Stat. § 15A-1444,

 (a2) A defendant who has entered a plea of guilty or no
 contest to a felony or misdemeanor in superior court is
 entitled to appeal as a matter of right the issue of whether
 the sentence imposed:

 (1) Results from an incorrect finding of the
 defendant’s prior record level under G.S. 15A-1340.14 or
 the defendant’s prior conviction level under G.S. 15A-
 1340.21;

 (2) Contains a type of sentence disposition that is not
 authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the
 defendant’s class of offense and prior record or conviction
 level; or

 (3) Contains a term of imprisonment that is for a
 duration not authorized by G.S. 15A-1340.17 or G.S. 15A-
 1340.23 for the defendant’s class of offense and prior record
 STATE V. KNIGHT

 2021-NCCOA-100

 Opinion of the Court

 or conviction level.

 N.C. Gen. Stat. § 15A-1444(a2)(1)-(3) (2019).

¶ 13 The question presented by Defendant’s appeal is whether the trial court erred

 by failing to adhere to the terms of the plea agreement. “In effect, the State [has]

 rescind[ed] a plea agreement which the State agreed to and was accepted by the

 court.” State v. Isom, 119 N.C. App. 225, 227-28, 458 S.E.2d 420, 421-22 (1995).

 Because this issue does not clearly fall within the exceptions to N.C. Gen. Stat. § 15A-

 1444(e), Defendant requests that we issue a writ of certiorari to review it. Because

 the unilateral withdrawal of a plea agreement by the State involves a possible due

 process violation, see Santobello v. New York, 404 U.S. 257, 267 (1971), we exercise

 our broad discretion, pursuant to N.C. Gen. Stat. § 7A-32(c), and hereby allow

 Defendant’s petition for a writ of certiorari.

 B. Standard of Review

¶ 14 In general, “[a] judgment will not be disturbed because of sentencing

 procedures unless there is a showing of abuse of discretion, procedural conduct

 prejudicial to defendant, circumstances which manifest inherent unfairness and

 injustice, or conduct which offends the public sense of fair play.” State v. Pope, 257

 N.C. 326, 335, 126 S.E.2d 126, 133 (1962). We review de novo the issue of whether a

 plea agreement has been breached and whether the trial court has erred in entering

 a judgment inconsistent with the terms of a plea agreement. See State v. Rodriguez,
 STATE V. KNIGHT

 2021-NCCOA-100

 Opinion of the Court

 111 N.C. App. 141, 147, 431 S.E.2d 788, 791 (1993).

 C. Plea Agreement

¶ 15 Although plea agreements “arise[ ] in the context of a criminal proceeding, it

 remains in essence a contract” and should be analyzed based on principles of contract

 law.” State v. Blackwell, 135 N.C. App. 729, 731, 522 S.E.2d 313, 315 (1999),

 remanded on other ground, 353 N.C. 259, 538 S.E.2d 929 (2000); State v. Lacey, 175

 N.C. App. 370, 377, 623 S.E.2d 351, 356 (2006). Our courts, however, have recognized

 that plea agreements are “markedly different from an ordinary commercial

 contract[,]” because the defendant waives many of his constitutional rights by

 pleading guilty. Blackwell, 135 N.C. App. at 731, 522 S.E.2d at 315. Thus, the plea

 bargain “phase of the process of criminal justice, and the adjudicative element

 inherent in accepting a plea of guilty, must be attended by safeguards to insure the

 defendant [receives] what is reasonably due in the circumstances.” Santobello, 404

 U.S. at 262.

¶ 16 “If the parties have agreed upon a plea arrangement pursuant to G.S. 14A-

 1021 in which the prosecutor has agreed to recommend a particular sentence, they

 must disclose the substance of their agreement to the judge at the time the defendant

 is called upon to plead[,]” and the court must engage in a colloquy with the defendant

 to ensure that his acceptance of the plea is knowing and voluntary. N.C. Gen. Stat.

 § 15A-1023(a)-(b) (2019). “Although a defendant has no constitutional right to have
 STATE V. KNIGHT

 2021-NCCOA-100

 Opinion of the Court

 a guilty plea accepted by a trial court, both the defendant and the State are bound by

 the terms of the plea agreement once the defendant has entered a guilty plea and

 such plea has been accepted by the trial court.” State v. Tyson, 189 N.C. App. 408,

 413-14, 658 S.E.2d 285, 289 (2008) (internal marks and citations omitted). “[W]hen

 a prosecutor fails to fulfill promises made to the defendant in negotiating a plea

 bargain, the defendant’s constitutional rights have been violated and he is entitled to

 relief.” Northeast Motor Co. v. N.C. State Bd. of Alcoholic Control, 35 N.C. App. 536,

 538, 241 S.E.2d 727, 729 (1978).

¶ 17 Here, Defendant bargained for the State’s consolidation of three charges for

 judgement purposes and the dismissal of two separate offenses, in exchange for his

 guilty plea. As a special condition, the plea arrangement provided that Defendant

 would “report for sentencing[,]” which was continued to 3 September 2019. If

 Defendant failed to appear, the consolidation of judgments would not apply, and

 Defendant would be sentenced in the court’s discretion.

¶ 18 The State argues that Defendant breached the plea agreement by failing to

 appear in court at the time appointed for his sentencing. The State heavily relies on

 a Seventh Circuit case in which the court determined that a defendant’s “failure to

 appear for sentencing violates the conditions of pretrial release and one of the

 fundamental premises underlying any plea agreement: a willingness to face the

 consequences of admitted criminal conduct.” United States v. Munoz, 718 F.3d 726,
 STATE V. KNIGHT

 2021-NCCOA-100

 Opinion of the Court

 730 (7th Cir. 2013). “Federal cases, although not binding on this Court, are

 instructive and persuasive authority.” State v. Tutt, 171 N.C. App. 518, 531, 615

 S.E.2d 688, 697 (2005).

¶ 19 In Munoz, the defendant pleaded guilty to distributing and possessing cocaine

 with intent to distribute in accordance with a plea agreement. 718 F.3d at 728. After

 formally entering the plea, and prior to sentencing, the defendant fled to Mexico. Id.

 Nearly five years later, the defendant was arrested. Id. In finding that the defendant

 had breached the plea agreement, the court explained that “it is not as though [the

 defendant] had a flat tire while driving to the scheduled sentencing and made himself

 available for sentencing the next day. Because [the defendant] spent five years on

 the run, the government got much less than it bargained for.” Id. at 730.

¶ 20 This case is remarkably distinguishable from Munoz. Here, Defendant did not

 abscond or attempt to evade sentencing. The plea arrangement specifically provided

 that sentencing would be continued until 3 September 2019. Defendant quite

 reasonably interpreted this to mean that he would be taken into custody on 3

 September 2019 following his sentencing hearing. Defendant did not anticipate or

 influence the State’s decision to continue sentencing to another day. To that end,

 Defendant did in fact appear for the re-scheduled sentencing hearing on 4 September

 2019, albeit over an hour late.

¶ 21 This is not a case in which the defendant absconded or lacked “a willingness to
 STATE V. KNIGHT

 2021-NCCOA-100

 Opinion of the Court

 face the consequences of admitted criminal conduct.” Munoz, 718 F.3d at 730.

 Indeed, by appearing an hour and fifteen minutes late to court, Defendant in no way

 deprived the State of the benefit of its bargain—the benefit of avoiding a trial—and

 Defendant “should not be forced to anticipate loopholes that the State might create

 in its own promises.” Blackwell, 135 N.C. App. at 731, 522 S.E.2d at 315.

¶ 22 We do not endorse the proposition that a defendant can willfully disregard the

 court’s time and expectations and still hold the State to the terms of a plea agreement.

 However, we are not at liberty to minimize the effect of a defendant’s decision to waive

 nearly all his fundamental constitutional rights in reliance on a promise made by the

 State. Our courts have consistently recognized the importance of protecting one of a

 defendant’s most fundamental rights—the right to a jury trial—emphasizing that

 “[n]o other right of the individual has been so zealously guarded over the years and

 so deeply embedded in our system of jurisprudence.” State v. Boone, 293 N.C. 702,

 712, 239 S.E.2d 459, 465 (1977). Thus, in plea agreement disputes, the State should

 be held to “a greater degree of responsibility than the defendant (or possibly than

 would be either of the parties to commercial contracts) for imprecisions or ambiguities

 in plea agreements.” Blackwell, 135 N.C. App. At 731, 522 S.E.2d at 315 (internal

 marks and citations omitted).

¶ 23 The State promised to pray judgment if Defendant appeared for sentencing on

 3 September 2019. Defendant did, in fact, appear for sentencing on 3 September
 STATE V. KNIGHT

 2021-NCCOA-100

 Opinion of the Court

 2019, and again on 4 September 2019, at the request of the State. We cannot conclude

 that by arriving one hour and fifteen minutes late to court Defendant forfeited what

 was promised to him by the State. Not only was the State still afforded the benefit

 of its bargain, but the spirit of the agreement—having Defendant appear for

 sentencing—was not violated. We therefore hold that the State violated the plea

 agreement by not pleading judgment at the sentencing hearing, and the trial court

 erred by imposing a sentence different than the terms of the plea agreement.

 When the State fails to fulfill promises made to the
 defendant in negotiating a plea bargain the defendant is
 entitled to relief, typically in the form of specific
 performance of the plea agreement or withdrawal of the
 plea itself (i.e. rescission). Other courts have found that
 while rescission is an available remedy, it is not always
 appropriate under the circumstances. When a prosecutor
 breaches a plea agreement, the purpose of the remedy is,
 to the extent possible, to repair the harm caused by the
 breach.

 State v. King, 218 N.C. App. 384, 390, 721 S.E.2d 327, 331 (2012) (internal marks and

 citations omitted).

¶ 24 Here, Defendant fulfilled his obligations under the plea agreement by formally

 entering a guilty plea, which was accepted by the trial court, and appearing for

 sentencing on the date specified in the plea agreement. When the State failed to

 plead judgment, but instead insisted that the court should sentence Defendant at its

 discretion, it violated the terms of the plea agreement, and the trial court imposed a
 STATE V. KNIGHT

 2021-NCCOA-100

 Opinion of the Court

 sentence in violation of Defendant’s due process rights. As a result, Defendant was

 sentenced to at least three and half more years than the punishment the State agreed

 to in exchange for his guilty pleas. The harm can “be addressed by holding the [S]tate

 to its agreement and affording [the Defendant] the benefit of his bargain[,] i.e. specific

 performance.” Id. (internal quotations and citations omitted). Thus, this Court

 vacates the trial court’s judgment and remands for the trial court to reinstate the

 plea agreement.

 III. Conclusion

¶ 25 Altogether, Defendant did not breach the plea agreement. He appeared on the

 date required and his tardiness to the sentencing hearing that occurred a day later

 did not amount to a breach of the plea agreement, as the State was still afforded the

 benefit of its bargain. The State failed to uphold its end of the plea agreement by

 pleading judgment at sentencing, thereby depriving Defendant of the benefit of the

 bargain. Accordingly, we vacate the trial court’s judgment, reinstate the plea

 agreement, and remand the case for further proceedings.

 VACATED AND REMANDED.

 Judges DILLON and INMAN concur.